**UNITED STATES of America,**
**Appellee,**

v.

**Guy L. GOSCINIAK, Appellant.**

**No. 04–3008.**

United States Court of Appeals,
Eighth Circuit.

Submitted: March 18, 2005.

Decided: June 20, 2005.

Christopher D. Plumlee, U.S. Attorney's Office, Fort Smith, AR, for Appellee.

Omar F. Greene, II, Federal Public Defender's Office, Little Rock, AR, Guy L. Gosciniak, Oklahoma City, OK, for Appellant.

Before RILEY, BOWMAN, and GRUENDER, Circuit Judges.

PER CURIAM.

Appellant Guy L. Gosciniak granted police officers consent to search his residence after the police received an anonymous tip that Gosciniak was selling illegal drugs from the residence. Upon searching, the police found almost 300 grams of amphetamine, a loaded firearm, and about $2,500 in cash within Gosciniak's residence. He was arrested and subsequently pleaded guilty to possessing with intent to distribute fifty grams or more of a substance or mixture containing amphetamine. *See* 21 U.S.C. § 841(a)(1) (2000).

Before pleading guilty, Gosciniak moved to suppress the evidence found at his residence, arguing that the federal courts should adopt the rule announced by the Supreme Court of Arkansas in *State v. Brown*, 356 Ark. 460, 156 S.W.3d 722 (2004). *Brown* interpreted the Arkansas state constitution to require police officers to inform a resident of the right to refuse consent to a search of his dwelling. *Id.* at 724. The District Court[1] held that Gosciniak's argument was foreclosed by controlling federal cases construing the Fourth Amendment of the United States Constitution. *See* Order of Apr. 28, 2004, at 2 (denying Defendant Guy L. Gosciniak's motion to suppress). Gosciniak appeals.

For the reasons stated in the District Court's well-reasoned opinion, we affirm. *See* 8th Cir. R. 47B.

---

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.